UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:06-CR-00111 |
|  | : |  |
| v. | : | **OPINION AND ORDER** |
|  | : |  |
| STEVEN E. WARSHAK, et al. | : |  |

This matter is before the Court on Defendants Berkeley Premium Neutraceuticals, TCI Media, Inc., and Steven Warshak's Motion to Reconsider Order Transferring Case (doc. 8), Defendant Harriet Warshak's Motion to Reconsider Order Transferring Case (doc. 9), Defendant Steven Pugh's Motion to Reconsider Order Transferring Case (doc. 10), Defendant Charles "Chip" Clarke's Motion to Reconsider Order Transferring Case (doc. 11), Defendant Paul J. Kellogg's Motion for Reconsideration of Order Transferring Case (doc. 12), Defendants' Supplemental Memorandum in Support of Motion to Reconsider Transfer of Case and Request for Order Transferring Case Back to the Honorable Susan J. Dlott (doc. 13), the Response of the United States (doc. 30), Defendants' Reply (doc. 35), and Defendant Paul J. Kellogg's Reply (doc. 37).

**I. Background**

Defendants question the Court's September 26, 2006 Order (doc. 7), signed by the Honorable Susan J. Dlott, and myself, transferring their respective cases to my docket. Defendants argue

that because Judge Dlott presided over three separate civil proceedings, which overlap substantially with this criminal matter, this case should stay with her (Id.).  In contrast, Defendants argue, this Judge has merely presided over six Rule 11 pleas (Id.).

The government responds that the Order transferring this case comported with the local rules, that Defendants are not entitled to a particular judge, and that Defendants make no claim of error or prejudice resulting from the transfer of the case (doc. 30, citing United States v. Sinito, 750 F.2d 512, 515 (6th Cir. 1994)).  The government argues that the transfer did not create any appearance of impropriety, but rather makes good sense (Id.). The transfer of related criminal cases to the same judge, argues the government, can ensure the avoidance of sentencing disparities among co-conspirators (Id.).  Moreover, the transfer of such related cases allows for one judge to evaluate relative culpability and to consider substantial assistance motions that the related cases may have in common (Id.).

Defendants' Supplemental Memorandum reiterates their desire to have this case transferred back to Judge Dlott, and also states that their motion does not contest this Judge's commitment to justice (doc. 13).  Moreover, Defendants note that Judge Dlott has transferred the civil matters to the Honorable Sandra S. Beckwith (Id.).

**II. Discussion**

The Court notes first of all that because Defendants' Motions are addressed to an Order signed by two judges, including myself, and because the case was ultimately assigned to me, it is appropriate for me to rule on these motions to reconsider transfer. The Court has reviewed the arguments of the parties, and finds the government's position well-taken. United States v. Sinito, 750 F.2d 512, 515 (6th Cir. 1994). Defendants are not prejudiced by the transfer of the case, and are free to raise any of the same arguments and theories before this Judge, that they would have raised before Judge Dlott. Defendants, who in their motion do not contest this Judge's commitment to justice, can be reassured that this Judge will fairly adjudicate this matter. Moreover, even if transfer was necessary based on the relationship of the civil cases to these criminal matters, then it is unclear whether a transfer back to Judge Dlott would be appropriate, when the civil cases are now pending before Judge Beckwith.

The Court concludes that its prior Order, signed with Judge Dlott, comported with the local rules and with the interests of justice. The Court finds no sound basis to reconsider its previous Order transferring the case.

**III. Conclusion**

For the reasons indicated herein, the Court DENIES the respective motions of the Defendants, requesting reconsideration of

3

the Court's Order Transferring Case (docs. 8, 9, 10, 11, 12), and DENIES Defendant's Request for Order Transferring Case Back to the Honorable Susan J. Dlott (doc. 13).

SO ORDERED.

Dated: November 2, 2006                s/S. Arthur Spiegel
                                                 S. Arthur Spiegel
                                                 United States Senior District Judge