```
             UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 1:06-CR-00111 |
| v. | : | **OPINION AND ORDER** |
| STEVEN E. WARSHAK, et al. | : |  |

This matter is before the Court on Defendants' Motion to Reconsider Denial of Motion for Notice of Government Search or Seizures (doc. 76), the Government's Response (doc. 92), and Defendants' Reply (doc. 93). For the reasons indicated herein, the Court DENIES Defendants' Motion.

Defendants move the Court to reconsider its February 27, 2007 Order (doc. 73), denying them notice of whether prior interceptions, searches, or seizures occurred (doc. 76). Defendants argue that absent such notice, they cannot challenge the constitutionality of any such searches or seizures, or otherwise vindicate their rights under the exclusionary rule, the First, Fifth, Sixth, or Fourteenth Amendments (Id.).

The United States responds that Defendants' Motion fails to meet or even address the standards for reconsideration, which are (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) the need to prevent manifest injustice (doc. 92, citing United States v. Holtzhauer,

No. 2:05-CR-170, 2006 WL 1582444 (S.D. Ohio, June 8, 2006), Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982)).  The government argues Defendants merely restate and expound upon the grounds in their initial motion, which the Court already considered and denied (Id.).  The government argues Defendants' motion makes no claim or showing of any error of law, newly discovered evidence, or any intervening change of law (Id.).  It further argues that there is no manifest injustice in the Court's refusal to require the government to divulge its criminal investigative techniques, and Defendants can cite to no authority compelling the disclosure they seek (Id.).

Defendants reply that the government fails to address their constitutional arguments, and tries to cabin the discussion within the confines of Fed. R. Crim. P. 16 (doc. 93).  Defendants argue Rule 16 represents the floor of criminal discovery but does not constitute the ceiling (Id.).  Defendants argue the disclosure of any heretofore secret government searches or seizures is constitutionally compelled (Id.).

Having reviewed this matter, the Court finds no basis to reconsider its Order denying Defendants notice of whether prior interceptions, searches, or seizures occurred.  Defendants have not established that the Court should vacate its prior Order due to a clear error of law, newly discovered evidence, an intervening change in controlling law, or the need to prevent manifest

injustice.   Accordingly, the Court DENIES Defendants' Motion to Reconsider Denial of Motion for Notice of Government Search or Seizures (doc. 76).


SO ORDERED.

Dated: April 10, 2007        /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge