UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:06-CR-00111 |
|  | : |  |
| v. | : | **OPINION AND ORDER** |
|  | : |  |
| STEVEN E. WARSHAK, et al. | : |  |
|  | : |  |

This matter is before the Court on Defendant Steven
Warshak's and TCI Media, Inc.'s Motion in Limine to Exclude
Evidence Noticed in Government's Notice of 404(b) Evidence (doc.
260), the government's Response (doc. 276), and Defendants' Reply
(doc. 280).   The Court granted Defendants' liminal motion in all
respects at sidebar during the course of trial on January 18, 2008.
The Court issues the present Order so as to memorialize and
supplement its decision.

The United States intended to proffer evidence relating
to four different matters, 1) the Messner interaction, 2) the
Spectrum Labs credit card charges, 3) Restaurant Invoices, and 4)
the Federal Express cash delivery (doc. 166).  The Messner evidence
involves alleged false promises made by Defendant Warshak in 1998
and 1999 to return funds that his wholly-owned corporate entity,
Defendant TCI, received in error.   The Spectrum Labs evidence
pertains to Defendant TCI's alleged repeated fraudulent and
unauthorized charges of a consumer's credit card.  According to the

government, when the consumer attempted to contact TCI, he discovered it had gone out of business and the telephone was no longer operational.   The restaurant invoice evidence involves allegations that TCI sent out false invoices to restaurants for advertising services it had never provided.   Finally, the cash delivery involves a $13,000 cash shipment in 1999 by a Federal Express package that Warshak received at his residence, which was torn open by a neighbor's dog.

Defendants argue that all of such evidence should be excluded under Fed. R. Evid. 404(b) as it suggests that Defendants have committed prior bad acts while being irrelevant to any proper purpose such as Warshak's intent, knowledge, plan, or lack of mistake with respect to the charged offenses in this case (doc. 260).   Defendant TCI contends it is not charged in Count One of the Indictment for conspiracy to commit fraud, but only in the money laundering counts, such that evidence of alleged prior fraud is unrelated to the charges against it.  Defendants further argue the probative value of these categories of evidence is outweighed by the danger of unfair prejudice, that each category of evidence would unduly consume judicial resources and trial time, and that it would all risk confusing and distracting the jury from the charges actually brought against Defendants (Id.).   Defendant Kellogg argues additionally that there is the risk of a "spillover" prejudice effect, as the jury has been told Kellogg was a childhood

friend of Defendant Steven Warshak (Id.).

The government argues that all of this evidence would be probative of Warshak's intent, as well as his knowledge which affects intent (doc. 276). In the government's view, the alleged schemes are sufficiently similar so as to be relevant (Id.).

Having reviewed this matter, the Court finds Defendants' position well-taken. The Court finds each category of evidence here, if admitted, could risk creating confusion for the jury in a case which is already evidence-intensive as to the charges in the Indictment. To the extent that any portion of it is relevant, the Court finds such evidence cumulative. Fed. R. Evid. 403. The Messner evidence does not involve an alleged business model where a Warshak company systematically defrauded consumers. The Spectrum Labs evidence involves unauthorized charges, but the government has not shown how such charges were the result of criminal intent to defraud, as opposed to mistake or accident. Defendant TCI is not charged with conspiracy to defraud in this case, and it avers it never cashed the checks it received in response to the restaurant invoices, which it argues were a mistake. The civil investigation conducted by the Ohio Attorney General's office as to such invoices, as a civil matter, involves a different burden of proof. In this case, the government must show criminal fraudulent intent. Finally, as for the cash delivery evidence, the government concedes that any information about a dog opening such package should indeed

be excluded.    Each one of these categories of evidence is remote in time, and the alleged improprieties are distinct enough from those alleged in this matter, such that exclusion is proper.    Fed. R. Evid. 404(b).    The Court finds such evidence would risk to create spillover prejudice to other Defendants in this case based on their relationship to Warshak, and that its admission would waste judicial resources.

Accordingly, the Court GRANTS Defendant Steven Warshak's and TCI Media, Inc.'s Motion in Limine to Exclude Evidence Noticed in Government's Notice of 404(b) Evidence (doc. 260).


SO ORDERED.


Dated: January 23, 2008        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge