```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 1:06-CR-00111 |
| v. | : | **OPINION AND ORDER** |
| STEVEN E. WARSHAK, et al. | : |  |

This matter is before the Court on Defendants' Joint Motion for Reconsideration of this Court's Opinion and Order Denying Judgment of Acquittal or New Trial on the Money Laundering Counts (doc. 586), the government's Response in Opposition (doc. 611), and the Defendants' Reply (doc. 627).  For the reasons indicated herein, the Court DENIES Defendants' Motion.

**I.  Defendants' Motion**

Defendants argue the Court should reconsider its denial of their post-trial motions relating to their money laundering convictions based on the Supreme Court's recent decision in <u>Cuellar v. United States</u>, 128 S.Ct. 1994)(June 2, 2008)(doc. 586).  In <u>Cuellar</u>, the Defendant was convicted under 18 U.S.C. § 1956(a)(2)(B)(i), a money laundering provision that criminalizes certain kinds of transportation of money derived from unlawful activity.  128 S.Ct. 1999.  The Defendant had been arrested as he was driving in Texas toward Mexico with nearly $81,000 hidden in a secret compartment under the floorboard of his car.  <u>Id</u>. at 1997-

98.     The Court held that a conviction under Section 1956(a)(2)(B)(i) could not be satisfied solely by evidence that the funds were concealed during transport, but that the statute requires proof that the transportation's purpose, not merely its effect, was to conceal the funds' nature, source, ownership or control.  Id. at 2005.  In so holding, the Court quoted a Fifth Circuit dissenting judge, who wrote, "there is a difference between concealing something to transport it, and transporting something to conceal it" and reasoned that "how one moves the money is distinct from why one moves the money.  Evidence of the former, standing alone, is not sufficient to prove the latter."  Id.

In Defendants' view, the Court must grant their Motion for Judgment of Acquittal because the government failed to introduce any evidence from which it could be inferred beyond a reasonable doubt that Defendants designed or intended the transactions at issue to conceal or disguise the source of the proceeds (doc. 586).  Defendants argue the effect of a transaction cannot fill the vacuum of evidence as to design and intent (Id.). Second, Defendants challenge as incorrect under Cuellar the Court's instruction to the jury that it could "consider whether series of convoluted financial transactions, even in accounts bearing the same name, were designed with an intent to conceal" (Id.).

II.  **The Government's Response**

The government responds that both the jury instructions

2

and the money laundering convictions in this case were consistent with the Cuellar holding (doc. 611).  The government contends the jury instructions stated that a concealment money laundering conviction would require proof that "the defendant conducted the transaction for the purpose of creating legitimate wealth from illegal proceeds" and that the jury reasonably found both concealment and a purpose to conceal based on expert testimony regarding the complexity of the transactions (Id.).  The government further argues that in Cuellar the only evidence relating to concealment money laundering was that the Defendant hid money under the floorboard of the car during transport (Id.).  In contrast, argues the government, in this case the jury could reasonable infer Defendants' purpose to conceal by the nature of their transactions (Id.).

**III.  Defendants' Reply**

Defendants reply that the government has pointed to no evidence regarding intent to conceal beyond their expert's testimony that concealment resulted from and therefore was the effect of complex transactions (Id.).  Defendants argue this is precisely what Cuellar prohibits (Id.).  Defendants further argue the government focuses on one of the Court's instructions while completely disregarding the instruction Defendants contend does not conform with Cuellar (Id.).  The instructions regarding convoluted transactions misled the jury, argue Defendants, because they lead

3

the jury to believe that evidence of a series of such transactions alone can be evidence of intent to conceal (Id.).

## IV. Discussion

Having reviewed this matter, the Court does not find Defendants' motion persuasive. As an initial matter, the Court is not convinced that Cuellar, which involves a parallel statutory provision, and which involves transportation of funds as opposed to transactions with such funds, is on point with the facts of this case.

To the extent that Cuellar may be applicable, the Court nonetheless finds that the government's case complies with its principles. The Cuellar court noted that a criminal defendant's intent is often inferred, 128 S.Ct. at 2005, n.8, but found the government failed in its lack of proof. In his concurring opinion, Justice Alito clarified that had the government proffered a witness who would have testified that Defendant's conduct had the effect of making it harder for law enforcement authorities to determine the nature of the funds, their location, their source, their ownership, or who controlled the funds, then there would have been sufficient evidence for the trier of fact's consideration. 128 S.Ct. 2006-07. In this case, the government proffered an expert witness who testified that the effect of the convoluted transactions, the most complex he had ever encountered in his years investigating money

4

laundering, was to conceal.[1]  Had the government merely proffered evidence of the complex transactions, without an expert opining as to the effect of such transactions, this case could arguably fall within the scope of <u>Cuellar</u>.  But the government did more in this case than it did in <u>Cuellar</u>, and as such, there was no failure of proof.

      Accordingly, the Court DENIES Defendants' Joint Motion for Reconsideration of this Court's Opinion and Order Denying Judgment of Acquittal or New Trial on the Money Laundering Counts (doc. 586).

      SO ORDERED.

Dated: August 26, 2008        <u>/s/ S. Arthur Spiegel</u>
                                  S. Arthur Spiegel
                                  United States Senior District Judge

---

[1] The government's witness, Jerry Simpson, testified on February 8, 2008, that "the effect [of the transactions] was to conceal the commingling of business transactions and personal account transactions through the TCI Media account, primarily, and the other Berkeley Premium Nutraceuticals accounts to serve as a conduit to transfer funds to Mr. Warshak so that he could spend money from the sale of products." Trial Transcript at p. 3874.