UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|                              |   |                    |
|------------------------------|---|--------------------|
| UNITED STATES OF AMERICA     | : | NO. 1:06-CR-00111  |
|                              | : |                    |
| v.                           | : | **OPINION AND ORDER** |
|                              | : |                    |
| STEVEN E. WARSHAK, et al.    | : |                    |

This matter is before the Court on the United States' Second Motion to Amend Preliminary Order of Forfeiture to Include Substitute Assets (doc. 725), Defendants Steven and Harriet Warshak's Memorandum in Opposition (doc. 735), Defendant Steven Warshak's pro se Response (doc. 737), the Class Victims' Objections to the Motion (doc. 738), and the government's Reply (doc. 739). For the reasons indicated herein, the Court GRANTS the government's motion.

I.  **The Government's Motion, the Responses, and Reply.**

In its motion, the government requests the Court amend the Preliminary Order of Forfeiture to include substitute assets of Defendants Steven and Harriet Warshak and Berkeley Premium Nutraceuticals, specifically, the assets of Boland Naturals, Inc. ("Boland") (doc. 725). The government indicates that though the amendment would give it the authority to seize Boland assets, it anticipates rather that it would cooperate with the bankruptcy court's process and the efforts of the debtor and trustee to allow

for the best possible sale of Berkeley (Id.).[1]

The government recounts that the Court entered the Second Preliminary Order of Forfeiture on July 16, 2008, which held the Defendants jointly and severally liable for $459,540,000.00 in a proceeds money judgment, held the Warshak Defendants and Paul Kellogg jointly and severally liable for $44,876,781.68 in a money laundering judgment, and which resulted in the forfeiture of a number of substitute assets (Id.). The government indicates it has continually investigated Defendants' assets so as to locate assets sufficient to satisfy the money judgments, but that as of yet, it has been unable to locate sufficient assets (Id.). However, the government indicates it has determined the Defendants have an interest in Boland, which they define as:

> All of the assets of Boland Naturals, Inc., including, but not limited to, its goodwill and intellectual property, with a value not in excess of $2,000,000.00

(Id.). The government attaches a declaration of Postal Inspector Alejandro E. Almaguer, who explains his findings as to Boland, and who indicates Defendants have engaged in improper transfers of money, and that Harriet Warshak appears to have substantial

---

[1] The Court notes that during the pendency of the government's motion, U.S. Bankruptcy Judge J. Vincent Aug, Jr. authorized the sale of Berkeley assets, including Boland. In re: Berkeley Premium Nutraceuticals, Inc., et al., Jointly Administered Case No. 08-15012 (Bankr. S.D. Ohio, December 26, 2008). The Court understands that sale of all such assets was executed on December 29, 2008. The entitlement to Boland sale proceeds remains disputed.

unexplained income or undisclosed assets (Id.).

The government therefore seeks, pursuant to 21 U.S.C. § 853(g), that it be empowered to preserve the availability of the Boland assets as substitute property, pending the completion of the forfeiture proceedings (Id.). Accordingly, movant requests that its second motion for forfeiture of substitute property be granted and that an Order be entered forfeiting all of the Defendants' right, title, and interest in the same to the United States.

Defendants Steven and Harriet Warshak oppose the government's motion, arguing that should they prevail in their appeal, the forfeiture of Boland would result in irreparable injury (doc. 735). Defendant Steven Warshak further filed a Response pro se, in which he challenges Almaguer's statements, arguing there were no unauthorized transfers of money, and that attacks on his Mother are shameful (doc. 737).

The Parker Class of Victims in the Montgomery County, Ohio Court of Common Pleas ("the Class"), also objects to the government's motion (doc. 738). The Class argues the motion should be denied because it amounts to an end run around the priority scheme established by the Bankruptcy Code and violates the automatic stay under 11 U.S.C. § 362 (Id.). The Class contends that making the Boland assets substitute assets would affect its rights and opportunities to collect on the balance of $1,459,500.00 due it under a Settlement Agreement entered between the Class and

3

Defendant Warshak and a number of his companies (Id.).

The Class argues the Bankruptcy Court is the proper jurisdiction for determining how the Boland sales proceeds should be distributed (Id.). Moreover, the Class contends any order entering a judgment of forfeiture against interests in the Boland assets would be barred by the automatic stay (Id.). Finally, the Class argues the government is not entitled to the Boland sale proceeds because the relation back fiction in Title 21 U.S.C. § 853(c) does not apply to substitute assets under Section 853(p) (Id.).

The government replies the Court has already rejected Defendants' argument of irreparable harm by refusing to stay execution of the money judgment forfeitures and forfeitures of substitute assets at the time of sentencing (doc. 739). As for Steven Warshak's pro se Response, the government argues he fails to dispute that defendants have an interest in Boland, and he confirms that Defendants have dissipated assets through loans and the payment of legal fees (Id.).

As for the arguments of the Parker Class, the government contends the Bankruptcy Trustee has made no objection that the government has violated the automatic stay provisions of the bankruptcy code (Id.). The government further argues the Class lacks standing to object to a motion to forfeit substitute assets, and rather is limited to filing claims in the ancillary proceeding

(Id. citing United States v. McHan, 345 F.3d 262, 270 (4th Cir. 2003), United States v. Faulk. 340 F. Supp. 2d 1312, 1315 (M.D. Ala. 2004)). Should the Court reach the issue of the automatic stay, which it need not, argues the government, the interplay between forfeiture and bankruptcy law is an unsettled area (Id.). In any event, indicates the government, case authority suggests that forfeiture should take precedence over bankruptcy as it comes within the police or regulatory power exception to the automatic stay (Id., citing In re Chapman, 264 B.R. 565 (9th Cir. B.A.P. 2001), In re Dahlman, 304 B.R. 892, 895-96 (Bankr. M.D. Fla. 2003)).

## II. Discussion

Having reviewed this matter, the Court finds the government's motion well-taken. The Court finds Defendants' arguments regarding irreparable harm lacking in merit. Should the Court be reversed on appeal, the government could ultimately reimburse Defendants for any value of assets improperly forfeited. The Court further agrees with the government that Steven Warshak's pro se Response merely provides justification for the granting of the government's motion.

As for the Parker Class, the Court is in agreement with the government that it need not decide the issue as to the interplay between the bankruptcy stay and the forfeiture provisions, as any order amending the Preliminary Order of

5

Forfeiture to include Boland assets is not final, but only allows the government to segregate and secure such assets. The Court further finds the Class lacks standing to bring any challenge to a forfeiture order, United States v. McHan, 345 F.3d 262, 270 (4th Cir. 2003), and that its recourse is in the ancillary proceeding, in the bankruptcy court, or by petitioning the Attorney General for a remission of forfeiture.

The Court disagrees that its approval of the Boland assets as substitute assets would amount to an end run around the Bankruptcy Code. The Bankruptcy Court has already recognized the distinctive nature of the Boland assets, and this Court is confident the Bankruptcy Court can make a proper determination of the rights of the Parker Class.

## III. Conclusion

Accordingly, for the reasons indicated herein, the Court GRANTS the United States' Second Motion to Amend Preliminary Order of Forfeiture to Include Substitute Assets (doc. 725), DECLARES that the assets of Boland Naturals, Inc., constitute substitute property within the scope of 21 U.S.C. § 853(p), DECLARES that Defendants Steven Warshak, Harriet Warshak, and Berkeley Premium Nutraceuticals forfeit right, title, and interest to the Boland assets, and DIRECTS the government to prepare and file forthwith an amended Preliminary Order, consistent with this decision, for the Court's signature. The Court further ORDERS the government to

provide the requisite public notice of the amended Preliminary Order so as to protect the interests of any third parties. 21 U.S.C. § 853(n)(1). This ruling shall be subject to further order of the Court.

    SO ORDERED.

Dated: January 14, 2009        <u>/s/ S. Arthur Spiegel</u>
                                      S. Arthur Spiegel
                                      United States Senior District Judge